# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO B. GONZALEZ,<br><br>    Plaintiff,<br><br>   v.<br><br>SMITH, et. al.,<br><br>    Defendants. | CV F  04 6483 OWW SMS P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1.) |

Mario B. Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

1 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
2 complaint under this standard, the court must accept as true the allegations of the complaint in
3 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
4 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
5 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on June 11, 1995, he was subjected to excessive force when a search was conducted while confined at Corcoran State Prison.  Plaintiff alleges that he was told to walk back to his unit when Lt. Rodriguez shouted at him to quit smiling.  Several masked SERT members who assisted in the facility search were then ordered by Rodriguez to "get that mother fucker!"  Plaintiff states he was slammed to the ground by Correctional Officer Galvadon who proceeded to bang his head on the cement and was hit and kicked by him.  Plaintiff states he sustained various wounds to his face, bac, and shoulder.  Plaintiff later began to suffer from blurred vision, severe shoulder and lower back pain and requested medical attention but was denied it for a period of 10 hours.  Plaintiff alleges that when he was finally seen, he was not examined and his injuries were incorrectly documented.  Plaintiff alleges an Eighth Amendment violation of excessive force and denial of medical treatment.  Plaintiff is seeking monetary damages.

**C. STATUTE OF LIMITATIONS**

The Ninth Circuit has held that an action may be dismissed as frivolous where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1229 (1984).  Where the Plaintiff raises a defense that would defeat the action, the complaint fails to state a claim upon which relief can be granted.  Id.  In this case, the Court finds the instant action is barred by the applicable statute of limitations.

The statute of limitations period for § 1983 actions is "a State's personal injury statute of limitations." Wilson v. Garcia, 471 U.S. 261, 276 (1985); Owens v. Okure, 488 U.S. 235, 240-41, 109 S.Ct. 573 (1989); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir.2000) ("The length of the limitations period for § 1983 actions is governed by state law."); Cabrera v. City of

Huntington Park, 159 F.3d 374, 379 (9th Cir.1998) ("State law determines the statute of limitations for § 1983 suits."). However, federal law determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Two Rivers v. Lewis, 174 F.3d 987, 991-91 (9th Cir. 1999); Elliott, 25 F.3d 801 (finding claim of excessive force during arrest accrued at time of arrest.)

In this case, Plaintiff's excessive force claim accrued on June 11, 1995, the date that excessive force and denial of medical treatment occurred. At this time, the applicable statute of limitations in California for Section 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003). However, in actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989).

Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have a total of three years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

Here, Plaintiff was incarcerated in 1995 at the time the claim accrued and it appears that Plaintiff is still incarcerated. Thus, even assuming Plaintiff had a statutory limitations period of three years, the filing of the instant action on November 1, 2004, is untimely by at least seven years.[1] Accordingly, the Court finds the instant action was filed outside the statute of limitations

---

[1] Even were the Court to assume that the statute did not run until Plaintiff exhausted his administrative remedies, Plaintiff states that the Director's level appeal, which completes administrative exhaustion within the California Department of Corrections, was denied on March 15, 1996. (Complaint at ¶ 31.) The limitations period, however, even with the maximum tolling allowed under the statute, would have still expired in March of 1999.

and thus, lacks any arguable basis in law and must be dismissed. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989) (holding dismissal as "frivolous" appropriate where Complaint lacks basis in law or fact); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1990); Franklin v. Murphy, 745 F.2d 1221, 1229 (1984) (holding dismissal as "frivolous" appropriate where defense complete and clear on face of the pleadings.)

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that the Complaint fails to state a claim for relief under Section 1983 as it is barred by the statute of limitations.  Such a deficiency cannot be cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 8, 2006**            /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE